## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Brenda Knutson, on behalf of herself and
other individuals similarly situated,

                        Plaintiff,

                                                              Civ. No. 08-584 (RHK/JSM)
                                                              **MEMORANDUM OPINION**
                                                              **AND ORDER**

v.

Blue Cross and Blue Shield of Minnesota,

                        Defendant.

---

Charles V. Firth, Clayton D. Halunen, Halunen & Associates, Minneapolis, Minnesota, for Plaintiff.

Jeffrey A. Timmerman, Marko J. Mrkonich, Andrew J. Voss, Littler Mendelson, P.C., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this action, Plaintiff Brenda Knutson alleges that Defendant Blue Cross and Blue Shield of Minnesota ("Blue Cross") failed to pay her overtime for work she performed in excess of forty hours per week.  Purporting to represent all other Blue Cross employees similarly situated, Knutson now moves to conditionally certify this case as a "collective action" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

Blue Cross is a nonprofit health-service corporation headquartered in Eagan, Minnesota. (Am. Compl. ¶ 7.) Knutson worked for more than 7 years as a Blue Cross customer-service representative. (Id. ¶ 5.) She alleges that she and other customer-service representatives were not paid for work they performed prior to and after their scheduled work shifts, including time spent booting-up and shutting-down their computers, logging on and off telephone systems, reviewing e-mails, and speaking with Blue Cross customers. (Id. ¶ 11.)

On March 19, 2008, Sarah LePage, another Blue Cross customer-service representative, commenced this action on behalf of herself and all other similarly situated Blue Cross employees; she amended the Complaint shortly thereafter to add Knutson as a plaintiff. Together, they alleged that Blue Cross's failure to pay for pre- and post-shift work violated the overtime and minimum-wage provisions of the FLSA and its Minnesota analogue, as well as the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* They also alleged that Blue Cross was unjustly enriched by its actions.

On April 2, 2008, Blue Cross moved to dismiss the Amended Complaint. On June 25, 2008, the Court granted that Motion in part and denied it in part, dismissing the ERISA claims, the Minnesota FLSA claims, and the minimum-wage portion of the federal FLSA claim, but declining to dismiss the overtime portion of the federal FLSA claim and the unjust-enrichment claim. Approximately one week later, the parties filed a

Stipulation of Dismissal pursuant to which LePage voluntarily dismissed all of her claims against Blue Cross, leaving Knutson as the only named Plaintiff.

Having conducted some discovery, Knutson now moves for an Order conditionally certifying this case as a "collective action" under the FLSA. Blue Cross opposes Knutson's Motion, arguing *inter alia* that she has failed to show that "similarly situated" individuals desire to opt in to this litigation.[1]

## ANALYSIS

The FLSA provides that an action may be maintained "by any . . . employee[] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay overtime. 29 U.S.C. § 216(b). Such an action is known as a "collective action." E.g., Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004); Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (Kyle, J.). The Court discussed FLSA collective actions in detail in Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159 (D. Minn. 2007) (Kyle, J.), noting:

> An FLSA "collective action" differs from a class action under Federal Rule of Civil Procedure 23. In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly "opts out" of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th

---

[1] Blue Cross also argues that Knutson is not similarly situated to other customer-service representatives. Because Knutson has not demonstrated that a sufficient number of other individuals desire to opt in to this litigation, the Court does not reach this issue.

>Cir. 1975); Heartland, 404 F. Supp. 2d at 1149.  Courts may facilitate this opt-in process by "authorizing the named Plaintiffs . . . to transmit a notice [of the lawsuit] to potential class members."  West v. Border Foods, Inc., Civ. No. 05-2325, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (Frank, J., adopting Report and Recommendation of Erickson, M.J.).

Id. at 1163.  As the Court recognized in Parker, however, the power to authorize notice to potential plaintiffs "is to be exercised . . . only in 'appropriate cases,' and remains within the discretion of the district court."  Id. (citation omitted); accord Heartland, 404 F. Supp. 2d at 1149 ("Determining whether . . . a collective action is the appropriate means for prosecuting an action is in the Court's discretion." ).

The burden rests with the plaintiff(s) to proffer some evidence indicating that a case is "appropriate" for collective-action treatment.  Parker, 492 F. Supp. 2d at 1164 (citing West, 2006 WL 1892527, at *2).  To do so, the named plaintiff must first show that she is "similarly situated to the employees whom [s]he seeks to represent."  Id. at 1163 (citing Mares v. Caesars Entm't, Inc., No. 4:06-cv-0060, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007)); accord Heartland, 404 F. Supp. 2d at 1149.  The FLSA, however, nowhere defines the term "similarly situated."  As a result, courts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs:

>The first determination is made at the so-called "notice stage."  At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>    Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally

> certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action [then] proceeds as a [collective] action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Parker, 492 F. Supp. 2d at 1164 (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)); accord West, 2006 WL 1892527, at *2; Heartland, 404 F. Supp. 2d at 1149-50.

Like the plaintiffs in Parker, Knutson seeks an Order conditionally certifying this case as a collective action, in order to notify potential plaintiffs of the pendency of this lawsuit and provide them with the opportunity to opt in. Hence, the Court is at the first stage of the two-stage process. While Knutson's burden at this stage is not onerous, it "is not invisible." Parker, 492 F. Supp. 2d at 1164 (citations omitted). Among other things, she must proffer evidence that other similarly situated individuals desire to opt in to this case. Id. at 1164-65 (collecting cases); accord, e.g., Songer v. Dillon Res., Inc., __ F. Supp. 2d __, 2008 WL 2901324, at *3 (N.D. Tex. July 24, 2008); O'Donnell v. Robert Half Int'l, Inc., 534 F. Supp. 2d 173, 179, 181 (D. Mass. 2008) ("Plaintiffs must present information, *i.e.*, more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit."). Absent such evidence, there would be no basis upon which the Court could conclude that this action is an "appropriate case" for collective-action treatment. See Simmons v. T-Mobile USA, Inc., No. H-06-1820, 2007

WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) ("[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants").

In support of her Motion for collective-action certification, Knutson has proffered the declaration of one former Blue Cross employee, Maria Brevig, suggesting that Brevig would opt in to this lawsuit if given the opportunity. (See Brevig Decl. ¶ 14.) This is simply not enough. When faced with an identical situation in Parker – that is, a conditional collective-action certification motion in which there were only two employees (both named plaintiffs) who had indicated their willingness to prosecute the case – the Court rejected conditional certification. 492 F. Supp. 2d at 1165-66 ("In the absence of at least *some* evidence indicating that others will opt in to this lawsuit, the Court perceives no basis to conclude that this is an 'appropriate case' for collective-action status – it is simply a lawsuit involving two plaintiffs."). There exists no principled reason to deviate from the Parker rationale here. Indeed, conditional certification is even less appropriate in this case than in Parker because, unlike the Parker plaintiffs, Knutson has acknowledged that she contacted at least twelve of her former co-workers to ascertain whether they were interested in opting in to this case. (See Timmerman Aff. Ex. C at 3.) Only Brevig agreed to do so, while at least three *expressly disavowed* joining this case. (See Roberts Dep. Tr. at 91-92 (noting that she did not want to participate in this action because she "feel[s] that this lawsuit is frivolous"); Weber Dep. Tr. at 89-91 (describing Knutson's allegations as "trivial" and indicating that she was unaware of any other

employees who were interested in joining the case); Payne Dep. Tr. at 69-72 (saying she "wouldn't go for th[is] lawsuit" because it is "against what [she] believe[s] in").) Without some showing that additional Blue Cross customer-service representatives would opt in to this litigation, this is not an "appropriate case" for conditional collective-action certification. See Songer, 2008 WL 2901324, at *3 (declining to conditionally certify class where only one employee had agreed to opt in to the litigation); Parker, 492 F. Supp. 2d at 1166-67.

     Knutson argues that Blue Cross has prevented her from locating other customer-service representatives interested in joining this action by "fail[ing] to furnish her with contact information for such individuals" (Reply Mem. at 7), but her argument is unpersuasive. She claims that she served Blue Cross with an interrogatory asking it to provide the name and contact information for all customer-service representatives working in certain Minnesota locations, but Blue Cross did not provide that information. (Id. at 2.) Her counsel then wrote to Blue Cross's counsel seeking the information, but did not receive a response. (Id.) Knutson, however, made no further effort to obtain the information. Notably, she could have filed a motion to compel and requested the Court to defer resolution of the instant Motion in the interim. Having failed to do so, Knutson cannot be heard to complain that she lacks the information she now needs in order to support her Motion.[2] Moreover, the length of Knutson's tenure with Blue Cross – 7 years

---

     [2] In its Opposition, Blue Cross disputes Knutson's contention and avers that it provided her with contact information for 43 of her former co-workers. (Mem. in Opp'n at 12 n.4.) For

– "suggests that [she] likely knows the identity of several other [Blue Cross customer-service representatives].  Accordingly, it should not be an insurmountable hurdle for h[er] to contact those representatives about opting in to this litigation."  Parker, 492 F. Supp. 2d at 1167.  Indeed, Knutson ignores her own acknowledgment that she has contacted at least 12 former customer-service representatives concerning this case.[3]

Knutson relies upon Dumitrescu v. Mr. Chow Enterprises, Ltd., No. 07-CV-3601, 2008 WL 2600667 (S.D.N.Y. June 30, 2008), to support her assertion that she has presented sufficient evidence to warrant conditional certification.  Dumitrescu, however, is easily distinguished.  The FLSA action there had been brought jointly by three plaintiffs, and two of the plaintiffs' former co-workers had "already come forth expressing interest in joining the suit."  Id. at *6.  In other words, the action involved five persons at a minimum, with the possibility of many more opting in.  Id.  Here, however, the Court is in the same situation as in Parker: only two persons, Knutson and Brevig, have expressed any interest in prosecuting the claims in this case.  Accordingly, the same result as in Parker should obtain here.

---

purposes of the instant Motion, however, the Court has accepted Knutson's version of the facts.

  [3] Knutson claims that Blue Cross's counsel "strongly objected to the contacting of a current [Blue Cross] employee by Plaintiff's counsel, and threateningly invoked the solicitation provision of the Minnesota Rules of Professional Conduct."  (Reply Mem. at 3.)  The alleged "threat" by Blue Cross's counsel is of little moment – even if Knutson's *counsel* were restricted by ethical rules from soliciting participation in this lawsuit, those rules would *not* apply to Knutson herself.

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion for Conditional Class Certification and Judicial Notice (Doc. No. 32) is **DENIED WITHOUT PREJUDICE**.[4]

Dated: September 23, 2008
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[4] Having reviewed the parties' submissions, the Court has concluded that oral argument would not materially assist it in resolving Knutson's Motion. Accordingly, the hearing on the Motion currently scheduled for September 30, 2008, is **CANCELED.**