# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Brenda Knutson, on behalf of herself and
other individuals similarly situated,

                         Plaintiff,

                                          Civ. No. 08-584 (RHK/JSM)
                                          **MEMORANDUM OPINION
                                          AND ORDER**

v.

Blue Cross and Blue Shield of Minnesota,

                         Defendant.

---

Charles V. Firth, Clayton D. Halunen, Halunen & Associates, Minneapolis, Minnesota,
for Plaintiff.

Jeffrey A. Timmerman, Marko J. Mrkonich, Andrew J. Voss, Littler Mendelson, P.C.,
Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

This matter is before the Court on the Objections of Defendant Blue Cross and

Blue Shield of Minnesota ("Blue Cross") to Magistrate Judge Mayeron's November 3,

2008 Order (Doc. No. 58).  For the reasons set forth below, the Court will sustain Blue

Cross's Objections and reverse the relevant portion of the Order.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case.  The named Plaintiff, Brenda

Knutson, worked for more than seven years as a Blue Cross customer-service

representative.  She alleges that she and other customer-service representatives were not

paid for work they performed prior to and after their scheduled work shifts, including time spent booting-up and shutting-down computers, logging on and off telephone systems, reviewing e-mails, and speaking with Blue Cross customers.[1]

After the parties had engaged in some discovery, Knutson moved to conditionally certify this case as a "collective action" under the FLSA.[2]  Blue Cross responded that conditional certification was inappropriate because Knutson had not demonstrated that other similarly situated customer-service representatives would opt in to this litigation.  In Reply, Knutson filed an Affidavit from one Blue Cross employee expressing an interest in joining this action.  She also argued that Blue Cross had prevented her from locating other customer-service representatives to ascertain whether they would seek to opt in.  In particular, she claimed to have served a document request on Blue Cross (Request No. 1) seeking the names and contact information for such individuals, but that Blue Cross had failed to respond.[3]  The Court accepted that allegation as true for purposes of resolving

---

[1] This action initially was commenced by Knutson and one other Blue Cross customer-service representative, but that other individual voluntarily dismissed her claims in July 2008.

[2] The "conditional certification" mechanism used in FLSA cases is discussed in detail in the Court's prior opinion in this case and elsewhere, see, e.g., Knutson v. Blue Cross & Blue Shield of Minn., Civ. No. 08-584, 2008 WL 4371382, at *1-3 (D. Minn. Sept. 23, 2008) (Kyle, J.); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1163-64 (D. Minn. 2007) (Kyle, J.), and for brevity's sake will not be repeated here.

[3] Request No. 1 sought "[c]ompilations sufficient to show the names, dates of employment, and last known address and phone numbers, salaries, bonuses and other compensation, of current and former [customer-service] Representatives at Defendant's call centers located in Eagan, Minnesota and Virginia, Minnesota . . . who were employed by Defendant at any time from February 29, 2002 to the present."  Blue Cross objected to the Request on, inter alia, relevance and undue-burden grounds.  (Notably, Blue Cross has employed over 1,200 customer-service representatives at its Minnesota call centers from 2005 to

the certification Motion, although it is now clear that despite its objections, Blue Cross had, in fact, provided Knutson with the requested information for 43 customer-service representatives at the time she filed her Reply. And, there was no dispute at that time that Knuston had contacted at least 12 of her former co-workers about joining this litigation.

By Order dated September 23, 2008 (Doc. No. 41), the Court denied without prejudice Knutson's Motion for conditional certification, concluding that she had failed to make a sufficient showing that others were interested in opting in to this case. The Court was unmoved by Knutson's allegation that Blue Cross had stonewalled her discovery efforts, noting that she had made no effort to seek judicial intervention – such as filing a motion to compel – concerning Blue Cross's alleged intransigence.

Following the Court's September 23, 2008 Order, Knutson moved to compel a complete response to Request No. 1.[4] Knutson's *only* argument in support of her Motion was that Blue Cross's

> refusal to furnish an adequate answer or documents in response to Request No. 1 has prevented Plaintiff from identifying or contacting potential opt-in plaintiffs, and directly led to this Court's denial, without prejudice, of Plaintiff's Motion for Conditional Certification and Judicial Notice. Because the Court, in its September 23, 2008 . . . Order, established a standard for FLSA conditional certification as a collective action that requires Plaintiff in this case to identify more than two individuals who wish to participate in this action as an opt-in plaintiff, this Court should issue an order compelling [Blue Cross] to directly respond to Request No. 1 to give Plaintiff the opportunity to attempt to satisfy this Court's standard.

2008.)

[4] The Motion to Compel also addressed several other discovery matters, none of which is at issue here.

> To deny Plaintiff access to this fundamental information would be highly prejudicial considering Judge Kyle's ruling, which impliedly mandates that Plaintiff affirmatively contact current and/or former similarly situated employees to determine whether they would opt in to this lawsuit.  Without a complete answer and production of documents responsive to Request No. 1, Plaintiff will be prevented from doing so, not only by Defendant, but also by this Court.  Judge Kyle denied Plaintiff's prior motion <u>without prejudice</u> for a reason.  Plaintiff submits that such reason can only be that the Court would entertain re-filing of the motion and reconsider its ruling if Plaintiff w[ere] able to find more similarly situated individuals who desire to opt-in to this lawsuit.

(Pl. Mem. (Doc. No. 44) at 9-10 (emphases in original) (citation omitted); <u>accord</u> Reply Mem. (Doc. No. 50) at 2 ("It would be fundamentally unfair and prejudicial for this Court on the one hand to deny Plaintiff the opportunity to discover this contact information, and on the other hand to deny her motion for conditional certification for arguable lack of support for the lawsuit.").)

By Order dated November 3, 2008 (Doc. No. 58) (the "Order"), Magistrate Judge Mayeron granted Knutson's Motion vis-a-vis Request No. 1, concluding that the information sought was "reasonably likely to yield support for plaintiff's class allegations with regards to her assertion that she is similarly situated to other employees of defendant."  (<u>Id.</u> at 6.)  The Order noted that the undersigned had denied Knutson's conditional-certification motion *without prejudice*, and thereby "left the door open for plaintiff to re[file] a motion for conditional class certification."  (<u>Id.</u> at 5-6.)  The Order also noted that the undersigned had pointed out, when denying the certification Motion, that Knutson had failed to move to compel contact information.  (<u>Id.</u> at 5.)

Blue Cross has now objected to that portion of the Order requiring it to provide

contact information for customer-service representatives in response to Request No. 1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72.2(a), the Court must set aside those portions of Judge Mayeron's Order that are "clearly erroneous or contrary to law."  A decision is clearly erroneous "when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'"  Thorne v. Wyeth, Civ. No. 06-3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (Magnuson, J.) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., __ F. Supp. 2d __, 2008 WL 5265029, at *5 (N.D. Iowa Dec. 18, 2008).

## ANALYSIS

Although the Court recognizes the deference to which a Magistrate Judge's discovery order ordinarily is entitled, for several reasons the Court concludes that the objected-to portion of the Order must be set aside here.

First, the Order determined that the information sought was relevant because it was "reasonably likely to yield support for plaintiff's class allegations with regards to her assertion that she is similarly situated to other employees of defendant."  (Order at 6.) Yet, this is an argument that Knutson nowhere pressed in her Motion to Compel.  Rather, she asserted only that the information was necessary in order for her to locate other Blue

Cross employees, to solicit their participation in this case.[5]

Moreover, this Court has previously recognized that a collective-action plaintiff is entitled to contact information for other employees only if she can show that such information "is discoverable *for some reason other than facilitating notice to potential plaintiffs*." Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn. 1991) (Alsop, J.) (emphasis added); see also West v. Border Foods, Inc., Civ. No. 05-2525, 2006 WL 1892527, at *9 n.6 (D. Minn. July 10, 2006) (Frank, J., adopting Report & Recommendation of Erickson, M.J.).  The Magistrate Judge declined to rely on Severtson because, in her view, that Court "had already concluded that the plaintiffs' claims were inappropriate for collective action and notice," whereas here the Court "left the door open" by denying Knutson's Motion *without prejudice*.  (Order at 5.)  Yet, the door was equally open in Severtson, where the Court remanded the issue of class notification and discovery to the Magistrate Judge for further proceedings.  137 F.R.D. at 267.  In the undersigned's view, Severtson was correctly decided, is on all-fours with this case, and should have been followed here.

The Court also believes that the Order here ascribes too much significance to the fact that the certification Motion was denied "without prejudice."  In doing so, the Court

---

[5] Knutson argues in response to Blue Cross's Objections that she did, in fact, assert that the contact information is relevant for reasons other than solicitation.  Yet, the argument is nowhere to be found in Knutson's Motion papers, and appears to have arisen (in only the most oblique fashion) in response to questioning from the Magistrate Judge at the hearing on the Motion to Compel.  The Court need not endorse Knutson's belated, half-hearted assertion that the information is relevant for purposes other than solicitation.

in no way intended to suggest that Knutson was entitled to the discovery she now seeks.
Rather, at the time the Court denied the Motion, it simply could not be sure that Knutson
would be unable to make a more compelling case for conditional certification at a later
date.  For example, former customer-service representatives might learn of this lawsuit
"through the grapevine," either from Knutson or otherwise.  If enough of them were to
express a willingness to join this case, Knutson could be entitled to conditional
certification.  The Court simply was not in a position to "close that door" permanently
when it ruled on the certification Motion.

Nor was the Court intending to opine of the discoverability of contact information
when it noted that Knutson had failed to move to compel.  The Court pointed out this
failure not to suggest that Knutson would have received the information had she asked for
it.  Rather, the Court was pointing out that Knutson's complaints about Blue Cross's
"deficient" discovery responses rang hollow, since she had taken no steps to remedy the
matter with the Court.

Furthermore, the Court believes that the discovery Knutson seeks does not fall
within the ambit of Federal Rule of Civil Procedure 26(b)(1).  That Rule authorizes
discovery only of matters that are "relevant to any party's claim or defense."  Discovery
sought solely for the purpose of inviting others to join this litigation would not achieve
this purpose and would not be not relevant to the particular claims and defenses currently
asserted in this case.

Such a conclusion does not run afoul of <u>Hoffman-LaRoche Inc. v. Sperling</u>, 493

U.S. 165 (1989), upon which Knutson relies.  It is true that <u>Sperling</u> affirmed an order

compelling the production of contact information to the plaintiffs in a collective action,

noting in passing that "the discovery was relevant to the subject matter of the action." <u>Id.</u>

at 170.  But <u>Sperling</u> was decided prior to the 2000 Amendments to the Federal Rules of

Civil Procedure, which altered the scope of discovery from matters "relevant to the

subject matter involved in the pending action" to matters "relevant to any party's claim or

defense."  While <u>Sperling</u> mandates the conclusion that the contact information Knutson

seeks is relevant to the *subject matter* of this case, in the Court's view it is *not* relevant to

the claims or defenses of the only parties currently before the Court, Knutson and Blue

Cross.  At most, the information would be relevant to future claims that might (or might

not) be brought by other Blue Cross customer-service representatives, but no such

individuals are parties to this action at this juncture.  <u>See</u> Fed. R. Civ. P. 26(b)(1)

(discovery must be relevant to "any *party's* claim or defense") (emphasis added); <u>see also</u>

<u>Sperling</u>, 493 U.S. at 180 (Scalia, J., dissenting) (discovery for purpose of notifying

absent class members "is simply not authorized" by Rule 26).[6]

    In any event, assuming *arguendo* that the information Knutson seeks is relevant

under the Federal Rules, it is not necessarily discoverable *per se*.  <u>E.g.</u>, <u>Acevedo v. Ace</u>

---

[6] For this reason, the Court finds that most of the cases relied upon by Knutson add little
to the mix, as they simply cite <u>Sperling</u> in requiring disclosure of contact information.  <u>See, e.g.</u>,
<u>Acevedo v. Ace Coffee Bar, Inc.</u>, 248 F.R.D. 550, 553 (N.D. Ill. 2008); <u>Morden v. T-Mobile
USA, Inc.</u>, No. C05-2112, 2006 WL 1727987, at *2-3 (W.D. Wash. June 22, 2006); <u>Bailey v.
Ameriquest Mortgage Co.</u>, Civ. No. 01-545, 2002 WL 100388, at *2 (D. Minn. Jan. 23, 2002)
(Tunheim, J.); <u>Miklos v. Golman-Hayden Cos.</u>, No. 2:99-CV-1279, 2000 WL 1617969, at *1-2
(S.D. Ohio Oct. 24, 2000).

Coffee Bar, Inc., 248 F.R.D. 550, 553 (N.D. Ill. 2008) ("[e]ven if relevant, discovery will

not be allowed" in some instances).  Indeed, "the court has discretion to deny discovery

relating to putative class members" under Federal Rule of Civil Procedure

26(b)(2)(C)(iii), depending upon the burden imposed by the discovery, its likely benefits,

the needs of the case, and other factors.  E.g., Sjoblom v. Charter Commc'ns, LLC, No.

3:07-CV-451, 2008 WL 4276928, at *2 (W.D. Wis. Jan. 4, 2008) (collecting cases);

Anderson v. Perdue Farms, Inc., No. 1:06-CV-1000, 2007 WL 4554002, at *1 (M.D. Ala.

Dec. 20, 2007) ("The Court has the discretion to deny . . . discovery prior to conditional

class certification.").  The Court determines that such discretion should be exercised here.

There is no dispute that Knutson has been provided with contact information for at

least 43 of her former co-workers.  Moreover, Knutson was employed by Blue Cross for

more than seven years – therefore, it is likely that she already knows the identity of many

other customer-service representatives.  She has reached out to at least a dozen of those

individuals, and yet she has made only the weakest of showings that this case is

appropriate for collective-action certification.  Given these facts, the Court does not

believe that putting Blue Cross to the burden and expense of producing contact

information for more than 1,200 people will serve much (if any) benefit.  This is not a

case, for example, where a plaintiff has been given no access to contact information by

the defendant and, because of her short tenure with her employer, she is unlikely to

possess such information.  An order compelling production might be appropriate in that

situation, to give the plaintiff an opportunity to make the threshold showing that others

seek to opt in to her case.  Here, however, Knutson has already had a substantial

opportunity to make that showing, and she failed.

Furthermore, Knutson will not be prejudiced by the denial of her Motion to

Compel the requested information.  She has nowhere argued that denying her this

information will somehow prevent her from proving her case at trial; indeed, she argues

only that she needs the information to solicit others to participate.  Moreover, her claims

will remain pending before the Court regardless of whether conditional certification is

granted.  Denying her the requested information, therefore, will not impact her claims in

any way.

### CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** as follows:

1.    Defendant's Objections to the Magistrate Judge's Discovery Order of

November 3, 2008 (Doc. No. 59) are **SUSTAINED**;

2.    The Order (Doc. No. 58) is **REVERSED** insofar as it compelled the

production by Blue Cross of contact information in response to Request No. 1; and

3.    Plaintiff's Motion to Compel (Doc. No. 42) is **DENIED** vis-a-vis Request

No. 1.


Dated: December 29, 2008                    s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge