## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BRENDA KNUTSON, on behalf of herself and other individuals similarly situated, | Court File No. 08-CV-584 (RHK-JSM) |
| Plaintiff, | **JOINT STIPULATION FOR JOINDER, SETTLEMENT, AND DISMISSAL** |
| vs. | |
| BLUE CROSS AND BLUE SHIELD OF MINNESOTA, a Minnesota corporation, | |
| Defendant. | |

This Stipulation for Joinder, Settlement, and Dismissal (the "Stipulation") is entered into between Plaintiff BRENDA KNUTSON ("Plaintiff Knutson"), the following proposed Opt-in Plaintiffs:  JANE LARSEN, LISA MORRISSEY, MARIA BREVIG, TRUDY VAUGHAN, EUGENE BARRY, ROYAL SMITH, DIAN ELLISON, CATHRYN ELDER, ANDREA DIZON, JESSICA DOCK, JENNIFER SHOWALTER, KINSHASHA WHITE, CARRIE PORKKONEN, LEANN CHULLA, VICKIE SKAFF, ALISA DEMBOUSKI, BARBARA BOHN, CLAIRE MALCHOW, SANDRA ZAITZ, NICOLE PEASLEY, REBECCA SKODA, STEFANIE KLEIN, ROXANNE REED, KRISTEN CRIDER, ELIZABETH RANDAZZO, BONNIE STAUFFER, AMY KOPP, KAREN HULL, HOLLY HOWIE, LYNN KILANOWSKI and JAIME HERHUSKY (collectively, "Opt-in Plaintiffs") through their attorneys, Halunen & Associates ("Halunen"), and Defendant BLUE CROSS AND BLUE SHIELD OF MINNESOTA, all of its past, present, and future parents, subsidiaries, companies, divisions, and affiliates,

and other current or former related entities thereof (collectively, "BCBSM"), through its attorneys, Littler Mendelson, P.C.

## I.    STIPULATED RECITALS.

A.    On February 29, 2008, Sarah LePage ("LePage") filed her Collective and Class Action Complaint in the above-referenced matter, alleging among other claims, that BCBSM had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit").  LePage alleged that she was employed by BCBSM as a Customer Service Representative at BCBSM's Member Services Call Center in Eagan, Minnesota, and that during her employment, she was required to perform unpaid work before the beginning of each work shift, and additional unpaid work after the end of each work shift. LePage alleged claims under the FLSA on her own behalf and on behalf of all similarly situated employees.

B.    On March 19, 2008, LePage filed her First Amended Collective and Class Action Complaint in the Lawsuit, adding Plaintiff Knutson as a named party.

C.    BCBSM filed its Answer to the First Amended Complaint and denied LePage's and Plaintiff Knutson's allegations and moved for partial dismissal of the asserted claims.  By Order dated June 25, 2008, the Court granted BCBSM's motion to dismiss in part, dismissing all claims alleged in the First Amended Complaint except for Plaintiff Knutson's and LePage's claims for overtime under the FLSA, and claims for unjust enrichment.

D.    On July 2, 2008, the parties jointly filed their stipulation for dismissal of the claims alleged by LePage.  On July 3, 2008, the Court dismissed LePage's claims

alleged in the First Amended Complaint with prejudice, leaving Plaintiff Knutson as the sole named plaintiff in the Lawsuit.

      **E.**     Following the filing of the Lawsuit, the parties engaged in substantial discovery. BCBSM has deposed Plaintiff Knutson, and Plaintiff Knutson has deposed a number of BCBSM Customer Service Representatives regarding their work activities and time-keeping practices. Both parties also served and responded to written discovery requests, including interrogatories and requests for production of documents. BCBSM produced documentation regarding Plaintiff Knutson's and LePage's employment with BCBSM, including payroll and timekeeping data, BCBSM's payroll, employment, and training policies, and other matters relevant to the issues raised by the parties' pleadings and Plaintiff Knutson's employment as a Customer Service Representative. BCBSM has also engaged in substantial electronic discovery and produced hundreds of email communications relevant to Plaintiff Knutson's claims.

      **F.**     On August 5, 2008, Plaintiff Knutson filed a Motion for Conditional Class Certification of a Collective Action and for Judicial Notice pursuant to Section 216(b) of the FLSA and requested that the Court conditionally certify the Lawsuit as a collective action on behalf of all Customer Service Representatives who worked for BCBSM in the State of Minnesota during the preceding three years. On September 23, 2008, the Court issued its Order denying Plaintiff Knutson's Motion for Conditional Class Certification of a Collective Action.

      **G.**     Following the denial of Plaintiff Knutson's Motion for Conditional Certification, the parties engaged in additional discovery, and the following Opt-in

Plaintiffs have filed consents to join this Lawsuit as party-plaintiffs:

1. Lisa Morrissey (Doc. No. 68);

2. Jane Larson (Doc. No. 70);

3. Trudy Vaughan (Doc. No. 71);

4. Maria J. Brevig (Doc. No. 72);

5. Kinshasha White (Doc. No. 73);

6. Eugene Thomas Barry (Doc. No. 74);

7. Carrie A. Porkkonen (Doc. No. 75);

8. Vicky Lynn Skaff (Doc. No. 76);

9. Royal Smith (Doc. No. 77);

10. Andrea Dizon (Doc. No. 78);

11. LeAnn Chulla (Doc. No. 79);

12. Cathryn Lynn Elder (Doc. No. 80);

13. Dian Ellison (Doc. No. 81);

14. Jessica Dock (Doc. No. 82);

15. Jennifer N. Showalter (Doc. No. 83);

16. Barbara Bohn (Doc. No. 85);

17. Kristin Crider (Doc. No. 86);

18. Alisa M. Dembouski (Doc. No. 87);

19. Stefanie Klein (Doc. No. 88);

20. Claire Malchow (Doc. No. 89);

21. Nicole S. Peaslee (Doc. No. 90);

    **22.**    Elizabeth Randazzo (Doc. No. 91);

    **23.**    Roxanne R. Reed (Doc. No. 92);

    **24.**    Rebecca A. Skoda (Doc. No. 93);

    **25.**    Sandra Zaitz (Doc. No. 94);

    **26.**    Holly M. Howie (Doc. No. 96);

    **27.**    Karen L. Hull (Doc. No. 97);

    **28.**    Amy E. Kopp (Doc. No. 98);

    **29.**    Bonnie Stauffer (Doc. No. 100);

    **30.**    Lynn Kilanowski (Doc. No. 102);

    **31.**    Jaime Herhusky (Doc. No. 108).

**H.**    Following the filing of consents on behalf of the Opt-in Plaintiffs, BCBSM has produced extensive documentation regarding many of the Opt-in Plaintiffs' electronic time-keeping and log-in and log-out records.   The parties have also expended considerable effort in the analysis of these electronic records.

**I.**    Based upon the claims alleged in the pleadings, the discovery conducted to date, including the depositions conducted of parties and non-parties, and an analysis of relevant documents produced, the parties have concluded and accordingly stipulate and agree that Plaintiff Knutson and the Opt-in Plaintiffs are not similarly situated for the purpose of asserting claims collectively under Section 216(b) of the FLSA.

**J.**    The parties, through their counsel, are familiar with the facts of the Lawsuit and the legal issues raised by the pleadings.   The parties have engaged in negotiations directed towards settlement of the Lawsuit since February 2009.   The terms and

conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length and facilitated by the Honorable Janie S. Mayeron, Magistrate Judge.

K.     BCBSM denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit.  BCBSM contends that it has complied at all times with the FLSA and state law.  Nevertheless, BCBSM has entered into this Stipulation to avoid the cost and inconvenience of further litigation.  Plaintiff Knutson and the Opt-in Plaintiffs have entered into this Stipulation because the settlement reflects a reasonable compromise of the parties' disputed issues, chiefly, if and to what extent Plaintiff Knutson and the Opt-in Plaintiffs are owed unpaid overtime wages.  Plaintiff Knutson and the Opt-in Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

L.     Plaintiff Knutson, the Opt-in Plaintiffs, BCBSM, and their respective counsel, stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of Plaintiff Knutson and the Opt-in Plaintiffs.  Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of BCBSM.  Pursuant to Federal Rule of Evidence 408, this Stipulation shall not be admissible in evidence in any proceeding; except that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to approve, interpret, or enforce this Stipulation, or in any subsequent action against or by BCBSM to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion or

issue preclusion or similar defense, claim, or counterclaim.

## II.   JOINDER OF THE OPT-IN PLAINTIFFS FOR THE PURPOSE OF SETTLEMENT.

In order to facilitate the orderly settlement of the Opt-in Plaintiffs' claims under the FLSA, the parties and the Opt-in Plaintiffs stipulate and agree that, for the purpose of settlement only, the Opt-in Plaintiffs should be joined to this Lawsuit as additional plaintiffs pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.

## III.   DISMISSAL OF THE LAWSUIT.

Pursuant to the terms and conditions of this Stipulation, Plaintiff Knutson and the Opt-in Plaintiffs (hereinafter collectively, "the Settling Plaintiffs") agree that their claims alleged in the Lawsuit may and should be dismissed by the Court **WITH PREJUDICE**. The parties will be responsible for their own costs and attorneys' fees except as otherwise provided in this Stipulation.

## IV.   SETTLEMENT CONSIDERATION.

A.     In exchange for (1) the dismissal of the Lawsuit described in Section III; (2) the Settling Plaintiffs' execution of individual Settlement Approval and Release Forms in a form acceptable to all parties; and (3) the representations and stipulations of the Settling Plaintiffs and Halunen in this Stipulation, BCBSM agrees to pay the Settling Plaintiffs the total aggregate sum of Seventy Six Thousand Four Hundred Ninety Five and No/100s ($76,495.00) ("the Settlement Amount"), inclusive of the Settling Plaintiffs' attorneys' fees and costs, to resolve the Settled Claims, as further defined below.

B.     The parties agree that the Settlement Amount shall be allocated as follows:

1.     The Settling Plaintiffs shall be allocated the total sum of $3,097.50, as W-2 wages ("the W-2 Wages Portion").  BCBSM shall deduct all applicable withholding taxes and other amounts required by law from the sum allocated to each individual Settling Plaintiff, and BCBSM will issue a W-2 form to each Settling Plaintiff reflecting payment of the W-2 Wages Portion of the Settlement Amount.

2.     The Settling Plaintiffs shall be allocated the total sum of $3,097.50, as Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and BCBSM shall issue a Form 1099 to each Settling Plaintiff reflecting payment of the Liquidated Damages Portion of the Settlement Amount.

3.     BCBSM shall allocate the W-2 Wages Portion and the Liquidated Damages Portion of the Settlement Amount among the Settling Plaintiffs based upon the number of weeks worked in a three-year statute of limitations period by each Settling Plaintiff, and in consideration of its review and analysis of electronic records regarding each Settling Plaintiff's work activity, log-in, log-out, and timekeeping records.

4.     Of the total Settlement Amount, Halunen shall be allocated the total sum of Seventy Thousand Three Hundred and No/100s Dollars ($70,300.00) for the Settling Plaintiffs' legal fees and costs as Form 1099 income ("the Settling Paintiffs' Legal Costs and Fees").

BCBSM shall issue a Form 1099 to Halunen, Tax ID No. 20-0917296, reflecting this payment.

**C.**     The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state and local taxes due on the amounts payable under this Stipulation, with the sole exception of BCBSM's statutory tax obligation under FUTA/FICA, and the Settling Plaintiffs will indemnify, defend, and hold BCBSM harmless from and against any and all costs, interest, liability or penalties relating to such taxes or penalties. Neither the Settling Plaintiffs nor Halunen will be eligible for or claim entitlement to any further payment, including any payment of attorneys' fees, except as otherwise provided by this Stipulation. The Settling Plaintiffs agree to provide BCBSM with their last known mailing address in order to facilitate delivery of appropriate tax-related notices.

**D.**     BCBSM shall make payment of the Settlement Amount, in accordance with the provisions of Section IV.B of this Stipulation, by forwarding two (2) settlement checks for each Settling Plaintiff participating in the settlement and a single check representing the Settling Plaintiffs' Legal Costs and Fees to the Halunen offices within fourteen (14) business days following the Court's entry of Final Judgment of Dismissal, based upon this Stipulation.

**V.     WAIVER AND RELEASE OF CLAIMS AND COVENANT NOT TO SUE.**

As a material inducement to BCBSM to enter into this Stipulation, and in consideration of BCBSM's promise to make the payments set forth in Section IV of this Stipulation, each Settling Plaintiff has executed a Settlement Approval and Release Form that has been prepared by the parties' counsel and has expressly released all claims

asserted in the Lawsuit, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown, involving, relating, or referring to alleged unpaid overtime or regular wages under federal law or claims therefor, including any and all claims, causes of action, and rights arising under the FLSA; any claims arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), relating to the non-payment of wages; as well as any and all claims, causes of action, and rights arising under, involving, relating, and/or referring to similar state laws, rules, or regulations that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorneys' fees, for failure to pay all monies due for hours worked ("the Settled Claims").  Pursuant to such release of claims, the Settling Plaintiffs covenant and agree not to sue or bring any legal action, whether in federal court, state court, or arbitration, now or at any future time, against BCBSM with respect to any Settled Claims.

## VI.   MISCELLANEOUS PROVISIONS.

A.    This Stipulation and compliance with this Stipulation shall not be construed as an admission by BCBSM of any liability or wrongdoing whatsoever, or as an admission by BCBSM of any violation of any Settling Plaintiff's rights or the rights of any other person, or as a violation of any order, law, statute, duty or contract whatsoever as to any Settling Plaintiff or any person.  BCBSM specifically denies and disclaims any liability to the Settling Plaintiffs or any other person for any alleged violation of the

Settling Plaintiffs' rights, or the rights of any other person, or for any alleged violation of any order, law, statute, duty or contract by BCBSM.

      **B.**     The validity of this Stipulation and any of its provisions and conditions, as well as the rights and duties of the parties, shall be interpreted and construed pursuant to and in accordance with the internal laws, and not the law of conflicts, of the State of Minnesota, except to the extent otherwise governed by the laws of the United States.

      **C.**     This Stipulation, any Exhibits attached hereto, and the documents expressly referenced herein, constitute the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of the Stipulation.

Date: April 28, 2009

s/Charles V. Firth
Charles V. Firth (#257825)
Clayton D. Halunen (#219721)
**HALUNEN & ASSOCIATES**
80 South 8th Street, Suite 1650
Minneapolis, Minnesota  55402
Telephone: 612.605.4098
Facsimile:  612.605.4099

**ATTORNEYS FOR THE SETTLING
PLAINTIFFS**

Date: April 28, 2009

s/Andrew J. Voss
Marko J. Mrkonich (#125660)
Andrew J. Voss (#241556)
Jeffrey A. Timmerman (#352561)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  612.630.1000
Facsimile:  612.630.9626

**ATTORNEYS FOR DEFENDANT**

Firmwide:88930950.1 047613.1010